FREDDIE LEE DRAYTON *vs.* COMMONWEALTH. January 16, 2008. *Supreme Judicial Court,* Appeal from order of single justice. *Habeas Corpus. Sex Offender. Constitutional Law,* Sex offender. *Due Process of Law,* Sex offender.

Freddie Lee Drayton appeals from a judgment of a single justice of this court denying his petition for a writ of habeas corpus. G. L. c. 248, § 1. We affirm.

In 1980, while serving prison sentences for two convictions of manslaughter, Drayton was committed to the Massachusetts Treatment Center (treatment center) as a sexually dangerous person, pursuant to G. L. c. 123A, § 6, as appearing in St. 1958, c. 646, § 1. The basis of his commitment was a sexual assault against one of his homicide victims for which he was never criminally charged. He did not appeal from the order of commitment. Since his criminal sentences expired in 1984, he has been confined at the treatment center pursuant to G. L. c. 123A. On several occasions he has petitioned unsuccessfully for release, pursuant to G. L. c. 123A, § 9. See, e.g., *Drayton, petitioner*, 26 Mass. App. Ct. 1107 (1988).

In 2004, Drayton filed a petition for a writ of habeas corpus in the county court, claiming that, in light of *Kansas* v. *Hendricks*, 521 U.S. 346 (1997), his commitment in 1980 violated his substantive due process rights under the State and Federal Constitutions because G. L. c. 123A, § 1, as appearing in St. 1958, c. 646, § 1, does not require proof that he be charged with or convicted of a sexual offense.[1] He also claimed that the statute applies only to sexual misconduct involving victims under the age of sixteen, and the object of his sexual misconduct was an elderly woman. The single justice denied the petition without a hearing. He also denied a motion for reconsideration.

Drayton's claims lack merit. First, Drayton appears to misread the *Hendricks* case. That case did not concern whether a charge or conviction of a sexual offense is a constitutional prerequisite for civil commitment based on sexual dangerousness. The Kansas statute in that case — unlike the Mas-

---

[1]General Laws c. 123A, § 1, as appearing in St. 1958, c. 646, § 1, provides: "The words 'sexually dangerous person' as used in this chapter shall have the following meaning: — Any person whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive behavior and either violence, or aggression by an adult against a victim under the age of sixteen years, and who as a result is likely to attack or otherwise inflict injury on the objects of his uncontrolled or uncontrollable desires."

sachusetts statute Drayton challenges here — explicitly required a charge or conviction of a sexual offense. See *Kansas* v. *Hendricks, supra* at 357-358. The issue in the *Hendricks* case was whether proof of a "mental abnormality" under the Kansas statute as a predicate of involuntary civil commitment comported with Federal constitutional substantive due process requirements; the United States Supreme Court concluded that it did, and upheld the statute. See *id.* at 360. Drayton has identified no case law, nor are we aware of any, holding that a charge or conviction of a prior sexual offense is constitutionally mandated as a prerequisite to the civil commitment of a person as a sexually dangerous person; the only relevant authority of which we are aware expressly rejects Drayton's position. See Martin *vs.* Mooney, U.S. Dist. Ct. No. 06-1605 DSD/RLE (D. Minn. May 3, 2007) (holding that neither *Hendricks* case nor any other United States Supreme Court case requires proof of charge or conviction of sexual offense as constitutional prerequisite to civil commitment for sexual dangerousness). In the circumstances presented, the single justice was correct to deny extraordinary habeas corpus relief.

Second, the statute under which Drayton was committed is not limited to sexual misconduct involving victims under the age of sixteen years. See note 1, *supra*. Rather, the statute applied to sexual misconduct involving repetitive or compulsive behavior (which Drayton does not challenge) and either (1) violence *or* (2) aggression by an adult against a victim under the age of sixteen years. See *Commonwealth* v. *Walsh*, 376 Mass. 53, 57 (1978); *Commonwealth* v. *Denham*, 8 Mass. App. Ct. 724, 731 (1979).

*Judgment affirmed.*

The case was submitted on briefs.

*Freddie Lee Drayton*, pro se.

*Nancy Ankers White*, Special Assistant Attorney General, & *Mary P. Murray* for the Commonwealth.